UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANK OF AMERICA, National Association as Successor By Merger To Lasalle Bank National Association, As Trustee For Certificateholders of Bear Sterns Asset Backed Securities I, LLC, Asset-backed Certificates, Series 2006,<br><br>        Plaintiff,<br><br>  v.<br><br>RAQUEL SIMS; Does 1 To 20, Inclusive,<br><br>        Defendant. | Case No. CV 11-03726 DDP (Ex)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Motion filed on 5/11/2011] |

Presently before the court is Plaintiff's Motion to Remand Case to the Superior Court of California, County of Los Angeles. Defendant, Raquel Sims, has not opposed this motion. Having read the parties' pleadings and considered the arguments therein, the court GRANTS Plaintiff's Motion to Remand and REMANDS Plaintiff's Complaint.

///

**I. Background**

Plaintiff is the owner of the real property located at 916 East 65th Street, Unit #2, Inglewood, CA 90302. (Compl. ¶1.) Defendant, Raquel Sims, is currently in possession of this property without the permission or consent of Plaintiff. Plaintiff purchased the property at issue on October 1, 2010, at a non-judicial foreclosure sale. Defendant was served with a 3/90 Notice to Quit on October 16, 2010. As Defendant remained in possession of the property, Plaintiff filed a Complaint for Unlawful Detainer in the Superior Court of California, County of Los Angeles on January 24, 2011. Defendant was served with the Complaint for Unlawful Detainer on February 10, 2011. Defendant filed a Notice of Removal on April 29, 2011.

Plaintiff filed this Motion to Remand on May 11, 2011. Plaintiff argues that Removal was improper because the Court lacks subject matter jurisdiction and Defendant's Notice of Removal of Action was untimely.

**II. Legal Standard**

A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a); see also Snow v. Ford Motor Co., 561 F.2d 787, 789 (9th Cir. 1977). As the removing party, Defendant bears the burden of proving federal jurisdiction. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996); see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003). The removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (explaining that courts resolve doubts as to removability in

2

favor of remand). Only actions that could have originally been filed in federal court may be removed by a defendant. 28 U.S.C. § 1441. Federal question jurisdiction exists over claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. To determine whether there is federal question jurisdiction, a court applies "the well-pleaded complaint rule." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 96 L. Ed. 2d 318, 107 S. Ct. 2425 (1987). Under the well-pleaded complaint rule, "a federal question must appear on the face of a properly pleaded complaint." Ansley v. Ameriquest Mortgage, Co., 340 F.3d 858, 861 (9th Cir. Cal. 2003) (citing Rivet v. Regions Bank of La., 522 U.S. 470 (1998)). Absent federal question jurisdiction, diversity of citizenship is required.

For diversity of citizenship, section 1332 provides that district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

**III. Discussion**

In the Complaint for Unlawful Detainer, Plaintiff raises a claim under California state law (Cal. Civ. Code §1161a), not the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, subject matter jurisdiction is not established on the basis of federal question jurisdiction. As the Complaint for Unlawful Detainer explicitly states that the amount of damages sought "does not exceed $10,000," (Compl. ¶1c) federal subject matter jurisdiction also does not exist on the basis of diversity jurisdiction because the minimum amount in controversy,

3

$75,000, has not been met.  Accordingly, Defendant has failed to establish that this court has original jurisdiction over Plaintiff's Complaint.  Defendant has not overcome the presumption against removal.  <u>Grable</u>, 545 U.S. at 314.  The court is obligated to resolve all ambiguity in favor of remand.

**IV. Conclusion**

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Remand and REMANDS Plaintiff's Complaint.

IT IS SO ORDERED.

Dated: June 17, 2011

DEAN D. PREGERSON

United States District Judge